IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IMPULSE NC, INC.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **06-48-DRH** |
| | ) |
| **BI-STATE DEVELOPMENT AGENCY**, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is plaintiff's motion to compel defendant to fully respond to certain interrogatories propounded prior to this action being transferred to this District, and to sanction defendant for violating the Case Management Order entered when the case was pending in the Eastern District of North Carolina. Plaintiff also requests an award of expenses and fees associated with bringing the subject motion. **(Docs. 18 and 19).**

Defendant opposes the subject motion, noting that the discovery requests were served prior to defendant filing an answer, affirmative defenses and counterclaim. However, defendant asserts that it has been making strides toward complying with the discovery requests at issue, but has been delayed by plaintiff's own failure to fulfill its discovery obligations. Defendant also contends plaintiff has violated the Case Management Order entered in the Eastern District of North Carolina. **(Doc. 11).**

The Court appreciates that the parties had begun the discovery process while the case was pending in North Carolina; however, the Case Management Order entered there is not controlling on this Court. This Court is not privy to all that transpired in North Carolina, but it is clear that the parties had run amuck with respect to discovery. In any event, in this District

1

discovery is not commenced until after the Court has completed the scheduling process. The same policy will be applied in this transfer situation. In any event, general discovery may not commence until the party seeking discovery has made the required disclosures under Federal Rule of Civil Procedure 26(a)(1).

This Court entered a new scheduling and discovery order on April 5, 2006. Although the Court does not mean for the parties to begin the discovery process anew, it is apparent that both parties need to reevaluate where they stand in the discovery process, ensuring that all of the necessary initial disclosures have been made and seasonably updated.[1] The Court also perceives that many of the disputes raised in plaintiff's motion and defendant's response should be able to be resolved amicably, without Court intervention, as contemplated by Local Rule 26.1(d). Any unresolved issues may be raised anew by separate motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion to compel **(Doc. 18)** is **DENIED** in all respects, as it appears premature.

**IT IS FURTHER ORDERED** that on or before **April 21, 2006**, the parties confer in accordance with Local Rule 26.1(d) and reevaluate whether any of their discovery disputes require Court intervention. If issues remain, either party is free to file a motion which will be resolved in due course.

DATED: April 7, 2006

s/ Clifford J. Proud
CLIFFORD J. PROUD
U. S. MAGISTRATE JUDGE

---

[1] The Joint Report of the Parties, which was submitted more than a month after the subject motion to compel, indicates the parties have now made the requisite initial disclosures.